1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT F. FIALHO, | Case No.:  16cv1170-MMA (DHB) |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| G. HERRERA, et al., | |
| Defendant. | [Doc. No. 20] |

Plaintiff Scott Fialho, a state prisoner proceeding *pro se*, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983.  *See* Doc. No. 1.  Defendant G. Herrera moves for summary judgment pursuant to Federal Rule of Civil Procedure 56.  *See* Doc. No. 20. Defendant Herrera argues that Plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit, as required by the Prison Litigation Reform Act ("PLRA").  *See* 42 U.S.C. § 1997e(a).  Plaintiff filed an opposition to the motion, to which Defendant replied.  *See* Doc. Nos. 22, 23.  For the reasons set forth below, the Court **DENIES** Defendant's motion.

1

## BACKGROUND[1]

This action arises out of events occurring on or about January 25-26, 2014 at Calipatria State Prison in Calipatria, California.[2]  On January 25, 2014, Plaintiff learned that his oldest brother had been killed in a drive-by shooting.  Thereafter, Plaintiff was distressed and ingested copious amounts of water.  That evening, Plaintiff became very ill, slipping and hitting his head.  Plaintiff vomited, urinated and defecated on himself, and became non-responsive.  Plaintiff claims that despite observing his state of distress, Defendant Correctional Officers Kissel and Anderson, and Defendant Nurse Herrera, erroneously presumed Plaintiff to be inebriated and failed to provide necessary medical treatment for a period of up to seven hours.  Plaintiff had to be hospitalized until he eventually recovered.

On March 7, 2014, Plaintiff filed Inmate/Parolee Appeal CDCR Form 602, log number CAL-D-14-00452 ("administrative appeal"), requesting an investigation into Officers Kissel and Anderson, as well as Nurse Herrera, based on the events of January 25-26, 2014.  Plaintiff's administrative appeal bypassed the first level of review.

On March 20, 2014, Plaintiff filed Patient/Inmate Health Care Appeal CDCR Form 602 HC, log number SC14-000214 ("health care appeal"), requesting that Nurse Herrera be "fired" and "stripped of her medical license" due to her actions on January 25-26,

---

[1] These material facts are taken from Plaintiff's complaint; Defendant's Separate Statement of Undisputed Facts; Plaintiff's factual allegations, as set forth in his opposition brief; and pertinent cited declarations and exhibits.  Because Plaintiff's complaint and his opposition brief contain factual allegations related to the exhaustion of his claims, which are based on his personal knowledge and verified under penalty of perjury, *see* Doc. Nos. 1, 22, each submission "may be treated as an affidavit to oppose summary judgment to the extent it is 'based on personal knowledge' and 'sets forth specific facts admissible in evidence.'"  *Keenan v. Hall*, 83 F.3d 1083, 1090 n.1 (9th Cir. 1996) (quoting *McElyea v. Babbitt*, 833 F.2d 196, 197-98 & n.1 (9th Cir. 1987)).

[2] Plaintiff currently resides at Mule Creek State Prison in Ione, California.

2014.  Doc. No. 20-3 at 7.[3]  Plaintiff's health care appeal also bypassed the first level of review.

On April 8, 2014, Plaintiff's administrative appeal was "granted" at the second level of review, and the complaint was referred to the Office of Internal Affairs for an investigation.  On May 15, 2014, Plaintiff's health care appeal was "partially granted" at the second level of review, and the complaint was referred to the Office of Internal Affairs for follow-up and a possible investigation.  Plaintiff did not proceed to the third level of review with respect to either appeal.

On June 5, 2014, Plaintiff sued Defendants Kissel, Anderson, and Herrera in federal court for violating his Eighth Amendment rights.  *See* Case No. 3:14-cv-1378-GPC-MDD.  Meanwhile, on September 22, 2014, personnel from the Office of Internal Affairs interviewed Plaintiff regarding his staff complaints.  On December 2, 2015, the district court dismissed Plaintiff's case without prejudice as to all three defendants based on his failure to exhaust his administrative remedies prior to filing suit.  *See* 2014 Case, Doc. No. 41.

Plaintiff initiated this action on May 13, 2016, once again alleging that Defendants Kissel, Anderson, and Herrera violated his Eighth Amendment rights.  Plaintiff alleges that he has taken further action to exhaust his administrative remedies "to no avail," and therefore his remedies should be considered exhausted.  Doc. No. 1 at 5.  Defendant Herrera[4] moves for summary judgment on the grounds that the undisputed facts show that Plaintiff failed to exhaust administrative remedies as to his claims against her before filing this lawsuit, as required by law.

---

[3] Citations reference the pagination assigned by the CM/ECF system.

[4] Defendants Kissel and Anderson do not move for summary judgment on exhaustion grounds.  Instead, they have filed a separate motion to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6).  *See* Doc. No. 18.  The Court will address the motion to dismiss in a separate written ruling.

## LEGAL STANDARD

Under the Prison Litigation Reform Act ("PLRA"), inmates seeking relief from prison conditions must exhaust available administrative remedies prior to bringing any suit challenging prison conditions. 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted."); *Porter v. Nussle*, 534 U.S. 516, 524 (2002) ("exhaustion is mandatory . . . unexhausted claims cannot be brought in court"). "[T]he prison's requirements . . . define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007). "[T]he exhaustion question in PLRA cases should be decided as early as feasible." *Albino v. Baca*, 747 F.3d 1162, 1170 (9th Cir. 2014).

In the Ninth Circuit, a motion for summary judgment is generally the appropriate vehicle for raising the plaintiff's failure to exhaust administrative remedies because "failure to exhaust is an affirmative defense under the PLRA, and . . . inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones*, 549 U.S. at 216; *Albino*, 747 F.3d at 1170 ("[A] motion for summary judgment, as opposed to an unenumerated Rule 12(b) motion, [is the proper procedural device] to decide exhaustion"). The burden is on the defendant to prove that there was an available administrative remedy that the plaintiff failed to exhaust. *See Albino*, 747 F.3d at 1172. If the defendant meets that burden, the burden shifts to the prisoner to present evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him. *Id*.

The Court must draw all inferences in the light most favorable to the nonmoving party and determine whether a genuine issue of material fact precludes entry of judgment. *Comite de Jornaleros de Redondo Beach v. City of Redondo Beach*, 657 F.3d 936, 942 (9th Cir. 2011) (quotation marks and citation omitted), cert. denied, 132 S. Ct. 1566 (2012). The Court determines only whether there is a genuine issue for trial and, in doing so, it must liberally construe Plaintiff's filings because he is a *pro se* prisoner. *Thomas v. Ponder*, 611 F3d 1144, 1150 (9th Cir. 2010) (quotation marks and citations omitted).

4

**DISCUSSION**

### 1. *Administrative Exhaustion*

The California Department of Corrections and Rehabilitation (CDCR) provides its prisoners the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). It also provides them the right to file appeals alleging misconduct by correctional officers and/or officials. *Id*. § 3084.1(e). On January 28, 2011, the inmate appeals process was modified and limited to three levels of review with provisions allowing the first level to be bypassed under specific circumstances. *Id*. § 3084.7. If a prisoner is not satisfied with the response he receives at the first level of review, he may submit his appeal to the second level of review, after which he may appeal to the third and final level. *Id*. § 3084.7. In order to satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. *Woodford v. Ngo*, 548 U.S. 81, 85-86 (2006).

Appeals alleging staff misconduct constitute an exception to the regular appeal process. Cal. Code Regs. tit. 15 § 3084.9(i). If an appeal is accepted as a staff complaint, the first level of review is bypassed. *Id*. § 3084.7(a)(3) ("The appeals coordinator may bypass the first level for appeal of – [a]n issue that cannot be resolved at the division head level such as Associate Warden, Associate Regional Parole Administrator, CALPIA manager or equivalent."); § 3084.9(i)(1) ("Only after the appeal has been reviewed and categorized as a staff complaint by the hiring authority or designee at a level not below Chief Deputy Warden, Deputy Regional Parole Administrator, or equivalent level shall it be processed as a staff complaint."). If an internal affairs investigation is initiated, the inmate must be informed of the investigation and, eventually, its outcome. *Id*. § 3084.9(i)(4)(A). If a confidential inquiry is initiated, the inmate must be informed of the inquiry and, eventually, whether the findings determined that staff did or did not violate policy. *Id*. § 3084.9(i)(4)(B).

5

### 2. Analysis

Defendant Herrera argues that Plaintiff failed to exhaust his administrative remedies because he did not seek third level review of his health care appeal. Herrera points to the express language included in the second level response to Plaintiff's health care appeal, which included the following advisement:

> If you wish to appeal the decision and/or exhaust administrative remedies, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Secretary's/Third Level of Review. Once a decision has been rendered at the Third Level, administrative remedies will be considered exhausted.

Doc. No. 20-3 at 11.

An inmate "receiving an unsatisfactory departmental response to an appeal" must submit his appeal to the next level of review within thirty calendar days. Cal. Code Regs. tit. 15 § 3084.8(b)(3). Notice of the second level response to Plaintiff's health care appeal was provided to Plaintiff on May 23, 2014. It is undisputed that Plaintiff did not submit his health care appeal for third level review in a timely or proper fashion.[5] Ordinarily, this might be dispositive. However, on a motion for summary judgment for non-exhaustion, a defendant has to prove "that there was an *available* administrative *remedy*, and that the prisoner did not exhaust that available remedy." *Albino v. Baca*, 747

---

[5] Plaintiff attempted to submit his health care appeal for third level review on December 28, 2015, approximately one year and six months beyond the time for doing so under the applicable regulations, and likely in response to the court's December 2, 2015 dismissal order in Civil Case No. 3:14-cv-1378-GPC-MDD. The appeal was cancelled at the first level of review after being construed as a duplicate of his administrative appeal, despite the fact that Plaintiff clearly indicated he was attempted to seek third level review for both his administrative appeal and his health care appeal. The cancellation letter noted that Plaintiff's administrative appeal had been referred to the Office of Internal Affairs, and instructed Plaintiff to contact that office directly, "as the investigation is no longer under the jurisdiction of Calipatria State Prison." Doc. No. 22 at 8. Plaintiff once again attempted to submit his health care appeal for third level review on February 7, 2016. It appears that Plaintiff submitted his appeal directly to the Office of Appeals, which rejected Plaintiff's appeal on the ground that he had improperly bypassed the first and second levels of review. It is not clear how the appeals office reached this conclusion; nonetheless, Plaintiff's February submission was also untimely.

F.3d 1162, 1172 (9th Cir. 2014) (en banc) (emphasis added).  Defendant Herrera fails to satisfy this burden.  Although Plaintiff failed to seek third level review of his health care appeal, Herrera makes no attempt to demonstrate that any relief remained available to Plaintiff after officials at the second level of review partially granted the appeal.

In *Brown v. Valoff*, 422 F.3d 926 (9th Cir. 2005), the Ninth Circuit held that an inmate whose appeal had been partially granted at the second level and referred to the Office of Internal Affairs for investigation had exhausted his administrative remedies where the defendant failed to show any additional relief was available through the appeals process.  *Id*. at 937-39.  Because the defendant did not present evidence indicating that a further appeal might have "netted" additional relief, he failed to demonstrate that further relief remained available.  *Id*. at 939.

Likewise, in this case Defendant Herrera provides no indication regarding what type of relief, if any, remained available to Plaintiff after receiving the second level response to his health care appeal.  Arguably, no further relief existed. [6]  In his appeal, Plaintiff made only two requests: that Defendant Herrera be fired, and stripped of her medical license.  The second level response to Plaintiff's health care appeal states that "a

---

[6] To the extent a different conclusion was reached in Plaintiff's 2014 case, the Court notes that this was in part due to two factors not present in this case.  First, Plaintiff indicated on the face of his 2014 complaint that the investigation by the Office of Internal Affairs was ongoing.  *See* 2014 Case, Doc. No. 1. The court construed this as an admission that Plaintiff had not exhausted his administrative remedies.  Second, the defendants represented to the court that if the investigation into the staff complaint ultimately resulted in unsatisfactory results, Plaintiff would have the chance to appeal those results to the third level of review.  *See* 2014 Case, Doc. No. 26.  On this basis, the court determined that relief still remained available to Plaintiff, and therefore he had failed to exhaust his administrative remedies.  However, an inmate must appeal within thirty days of receiving "an unsatisfactory departmental response."  Cal. Code Regs. tit. 15 § 3084.8(b)(3).  The defendants moved to dismiss in March 2015, at which time they should have been well aware that any attempt by Plaintiff to appeal to the third level of review based on unsatisfactory investigation results would be rejected as untimely.  Moreover, this contention was plainly inconsistent with the Ninth Circuit's conclusion ten years earlier in *Brown* that "no further relief was 'available' through the appeals process once the staff misconduct investigation was opened."  *Brown*, 422 F.3d at 939.  "As those processes did not involve any further appeals, Brown had no obligation to pursue the third level appeal before proceeding to court."  *Id*. at 940.

request for administrative action regarding staff . . . is beyond the scope of the staff complaint process." Doc. 20-3 at 10. The response also advised Plaintiff that any "personnel actions" would be "initiated by the Department based upon . . . the outcome of any investigation . . . ." *Id.* As such, Plaintiff was advised that the relief he sought was either outside the scope of the appeals process, or no longer available through that process.[7] Once an appeal is categorized as a staff complaint, there is "no possibility that it would be investigated again, separately, through the appeal process," and therefore "no further relief was in fact 'available' through the appeals process, although the staff complaint process to which the grievance was directed instead had not yet run its course." *Brown*, 422 F.3d at 938-39. An inmate is required to exhaust only those administrative remedies "'as are available.'" *Sapp v. Kimbrell*, 623 F.3d 813, 822 (9th Cir. 2010) (quoting 42 U.S.C. § 1997e(a)); *Albino*, 747 F.3d at 1171.

The Court recognizes that generally, "all appeals are subject to a third level of review, as described in section 3084.7, before administrative remedies are deemed exhausted." *Id.* § 3084.1(b) (emphasis added). Ultimately, however, third level review is necessary only for "appeals not resolved at the second level." *Id.* § 3084.7(c); *see also id.* § 3084.2(d) (prisoner may submit appeal for third level review "[i]f dissatisfied with the second level response."). Defendant Herrera puts forth no evidence to show that Plaintiff's health care appeal was not resolved at the second level of review, based on its categorization as a staff complaint and referral to the Office of Internal Affairs. The second level response promised Plaintiff that he would be notified of the results of an investigation. "An inmate has no obligation to appeal from a grant of relief, or a partial grant that satisfies him, in order to exhaust his administrative remedies." *Harvey v. Jordan*, 605 F.3d 681, 685 (9th Cir. 2010). Plaintiff did not need to seek further review

---

[7] This is reflected by Plaintiff's appeal being "partially granted." A "'partially granted' response depends not on whether there remains some possibility of obtaining relief through the appeals process, but on 'the action requested by the appellant.'" *Brown*, 422 F.3d at 939.

"to ensure that prison officials actually provide the relief that they [already] promised."
*Id.*

In sum, the Court finds that Defendant Herrera has not met her burden of proving that Plaintiff failed to exhaust his available administrative remedies prior to filing this lawsuit.  Accordingly, summary judgment is not appropriate.

### CONCLUSION

Based on the foregoing, the Court **DENIES** Defendant Herrera's motion for summary judgment.

**IT IS SO ORDERED**.

DATE: March 3, 2017

HON. MICHAEL M. ANELLO
United States District Judge

9