# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT F. FIALHO,<br><br>                        Plaintiff,<br><br>v.<br><br>G. HERRERA, et al.,<br><br>                        Defendant. | Case No.: 16cv1170-MMA (DHB)<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**<br><br>[Doc. No. 28] |

Plaintiff Scott Fialho, a state prisoner proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983. *See* Doc. No. 1. Defendant G. Herrera previously moved for summary judgment pursuant to Federal Rule of Civil Procedure 56, arguing that Plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit, as required by the Prison Litigation Reform Act ("PLRA"). *See* 42 U.S.C. § 1997e(a). *See* Doc. No. 20. The Court denied Defendant's motion. *See* Doc. No. 26. Defendant moves for reconsideration. *See* Doc. No. 28. Defendant argues that the Court erred in applying the Ninth Circuit's holding in *Brown v. Valoff*, 422 F.3d 926 (9th Cir. 2005), to find that Defendant failed to meet her burden to show that Plaintiff did not fully exhaust his administrative remedies. To date, Plaintiff has not filed an opposition to Defendant's motion. For the reasons set forth below, the Court **DENIES** Defendant's motion.

1

**DISCUSSION**

*1. Legal Standard*

Pursuant to Federal Rule of Civil Procedure 59(e), district courts have the power to reconsider a previous ruling or entry of judgment. Fed. R. Civ. P. 59(e). A motion under Rule 59(e) seeks "a substantive change of mind by the court." *Tripati v. Henman*, 845 F.2d 205, 205 (9th Cir. 1988). Rule 59(e) is an extraordinary remedy and, in the interest of finality and conservation of judicial resources, should not be granted absent highly unusual circumstances. *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003); *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999). Rule 59 may not be used to re-litigate old matters, raise new arguments, or present evidence that could have been raised prior to entry of the judgment. *Exxon Shipping Co. v. Baker*, 544 U.S. 471, 486-87 (2008).

Under Rule 59(e), it is appropriate to alter or amend a previous ruling if "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009). To carry the burden of proof, a moving party seeking reconsideration must show more than a disagreement with the Court's decision or a recapitulation of the cases and arguments previously considered by the court. *See United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001).

*2. Analysis*

The Court previously found that Defendant Herrera did not met her burden of proving that Plaintiff failed to exhaust his available administrative remedies prior to filing this lawsuit. Defendant now argues that because Plaintiff "did not raise the issue of available remedies, there was no reason for Defendant to have addressed the issue in reply." Doc. No. 28 at 2. However, it is well-settled in this circuit that the "failure to exhaust administrative remedies is an affirmative defense that *the defendant must plead*

*and prove* in a PLRA case." *Albino v. Baca*, 747 F.3d 1162, 1176 (9th Cir. 2014) (emphasis added). This includes demonstrating "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." *Id*. at 1172. Therefore, Defendant should have addressed the availability of remedies in her moving papers. She did not, and a motion for reconsideration "is not a vehicle for . . . taking a 'second bite at the apple.'" *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).

Defendant further contends that the Court erred in relying upon the Ninth Circuit's decision in *Brown v. Valoff*, *supra*, to reach its conclusion in this case. Defendant asserts that the Court instead should have relied upon the district court's ruling in *Cunningham v. Ramos*, 2011 U.S. Dist. LEXIS 85997 (N.D. Cal. Aug. 3, 2011), to find that Plaintiff did not exhaust his available remedies. Defendant's argument is unavailing. The Ninth Circuit's statement of the law in *Brown* is controlling, whereas an unpublished district court decision applying that law is, at best, instructive. Moreover, the district court's reasoning in *Cunningham* has been rejected explicitly by several courts. *See Willard v. Sebok*, 2016 U.S. Dist. LEXIS 58180, at *17 (C.D. Cal. Mar. 18, 2016) (citing *Branch v. Umphenour*, 2015 U.S. Dist. LEXIS 118633 (E.D. Cal. Sep. 4, 2015) and *Graham v. Runnels*, 2012 U.S. Dist. LEXIS 103249 (S.D. Cal. July 24, 2012)).

Finally, Defendant submits the declaration of R. Robinson, the Chief of the Inmate Correspondence and Appeals Branch, as evidence of the remedies which remained available to Plaintiff and required further exhaustion. However, this evidence should have been submitted in support of Defendant's motion in the first instance, and does not provide grounds for reconsideration at this juncture. *See Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (holding that a motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.").

///

///

## CONCLUSION

Having reviewed its previous ruling, the Court is satisfied that it committed no error. Plaintiff has not provided any newly discovered evidence. Additionally, there has been no intervening change in controlling law. Accordingly, the Court **DENIES** Defendant's motion for reconsideration.

**IT IS SO ORDERED**.

DATE: July 3, 2017

HON. MICHAEL M. ANELLO
United States District Judge